Cathy TOOLE, Appellant

v.

Barack Hussein OBAMA,
et al., Appellees.

No. 13–5260.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 31, 2013.

Rehearing En Banc Denied Jan. 8, 2014.

Cathy Toole, Biloxi, MS, pro se.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

BEFORE: HENDERSON and KAVANAUGH, Circuit Judges; GINSBURG, Senior Circuit Judge.

PER CURIAM.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the order of the district court filed July 9, 2013, be affirmed. Appellant's claims against the President of the United States in his official capacity were properly dismissed because he is absolutely immune from damages liability arising from official acts. *See Forrester v. White,* 484 U.S. 219, 225, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). Similarly, because appellant's claims against the Chief Justice of the United States and the other named federal judges arise from actions taken in their respective judicial capacities, they were properly dismissed as barred by judicial immunity. *See Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam). Any remaining claims pertaining to appellant's late husband's veteran status, death benefits and the like were properly dismissed for lack of subject matter jurisdiction because, once administrative remedies are exhausted, exclusive jurisdiction lies in the U.S. Court of Appeals for Veterans Claims. *See Vietnam Veterans of America v. Shinseki,* 599 F.3d 654, 656 (D.C.Cir.2010).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.